IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WAYNE RESPER, *
Plaintiff,
v. * CIVIL ACTION NO. PJM-13-1278

LIEUTENANT SCHURG, et al., *
Defendants.
***

**MEMORANDUM OPINION**

Pending is a Motion to Dismiss, or in the alternative Motion for Summary Judgment filed on behalf of Defendants Thomas Sires and Eric Schurg.[1] ECF No. 14. Plaintiff has responded. ECF No. 24. Upon review of papers and exhibits filed, the Court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, the dispositive motion filed by Defendants will be granted.

**Background**

Plaintiff states that on May 1, 2010, Sgt. Sires and Officer Weisenmiller withdrew funds from Plaintiff's prison account in violation of Division of Correction (DOC) policy and without Plaintiff's authorization. Plaintiff also claims that on June 28, 2010, Property Supervisor Lt. Schurg forged Plaintiff's name on an appeal withdrawal form in violation of DOC policy. Plaintiff alleges that both incidents violated his right to due process. ECF No. 1.

**Standard of Review**

A. Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th

[1] The Clerk shall amend the docket to reflect the full names of Defendants.
Defendant Weisenmiller was not served with the complaint. For the reasons that follow, even if he had been properly

Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 563. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B. Motion for Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her

served, Plaintiff's complaint against him would be subject to dismissal.

favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

Plaintiff's claim that funds were improperly withdrawn from his account is unavailing. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[2] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[3]

Records reflect that on May 1, 2010, Sires received a Request for Administrative Remedy (ARP) from Plaintiff giving instructions about where to ship personal property which had been confiscated due to Plaintiff's placement on disciplinary segregation. Plaintiff provided two addresses along with a list of items to be shipped to each address. He also included a money voucher signed to cover the cost of shipping. On May 5, 2010, the mail room shipped out three packages to the addresses provided by Plaintiff. ECF No. 14, Ex. 1 & 2.

Thereafter, Plaintiff filed an ARP alleging that some of his property was not mailed out as requested and that Sires made a wrongful disbursement request from Plaintiff's inmate account. *Id*., Ex. 5. On June 28, 2010, as part of Schurg's investigation of the ARP, Schurg interviewed Plaintiff and showed him the mail log demonstrating that all packages were mailed out and the addresses to

[2]Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office ("IGO"). The Court is mindful of Plaintiff's contention, contained in his opposition to the dispositive motion, that his ability to access the IGO was derailed by the alleged forgery of the withdrawal form. Plaintiff's disagreement with the decisions reached by the IGO and the Circuit Court regarding his claim does not change the due process analysis.

[3]Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

which they were sent. *Id*., Ex. 6. At that time, Plaintiff requested to withdraw the ARP and was provided an ARP Withdrawal Form which Schurg avers he witnessed Plaintiff sign. *Id*., Ex. 1, & 7. The withdrawal was sent to the ARP coordinator and the case closed. Plaintiff's grievance filed in the IGO regarding this ARP was dismissed, the IGO finding Plaintiff's had withdrawn the ARP. *Id*., Ex. 8 & 9.

In his opposition, Plaintiff indicates that funds were improperly taken from his account, not in relation to the mailing of packages, but in order to issue him a second identification card. He states that he refused to sign the disbursement because his identification card had not been lost but was held by other correctional staff. He was advised that funds would be withdrawn without his consent. ECF No. 24. He indicates that this is the basis of the instant complaint[4] and that is effort to file an appeal to the IGO on this issue was thwarted by what he maintains is a forged withdrawal form. *Id*.

As noted above, even if Plaintiff's property were improperly taken and/or mishandled as he alleges, such a claim does not rise to a constitutional violation. Further, to the extent he alleges that correctional staff failed to follow written directives the adoption of procedural guidelines does not give rise to a liberty interest; thus, the failure to follow regulations does not, in and of itself, result in a violation of due process. *See Culbert v. Young*, 834 F.2d 624, 628 (7th Cir. 1987).[5]

Plaintiff's claim regarding interference with his administrative remedy process fairs no better. While the long standing rule has been that prisoners have no constitutional right to participate in an

[4] Despite his contention that his claim is about the money withdrawn for a second identification card, he also discusses, in his opposition, the alleged shortcomings in the handling of his property mailed out of the institution. *Id*.

[5] Regardless of any alleged violations of internal regulations, failure to follow a prison directive or regulation does not give rise to a federal claim, if constitutional minima are met. *See Myers v. Kelvenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

institutional grievance procedure, *see Adams v. Rice,* 40 F. 3d 72, 75 (4th Cir. 1994), with the passage of the Prison Litigation Reform Act 42 U.S.C. § 1997e(a) the issue is less clear. The PLRA requires exhaustion of administrative remedies before an action concerning prison conditions may be filed by a prisoner. The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further clarification regarding exhaustion as a pleading requirement was announced by the Fourth Circuit in *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674 (4th Cir. 2005). The court held that, "an inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Id*. at 681. To the extent that a prisoner's attempts to exhaust the administrative remedy process are thwarted by prison officials' misconduct, that evidence may be presented in response to the affirmative defense. *Id*. at 682. Thus, an inability to access the administrative remedy procedure based on an alleged refusal by prison officials to enforce the rules governing the process does not run afoul of the due process clause.

In his opposition Plaintiff alleges, for the first time, that the alleged mishandling of his property was retaliatory in nature because he had previously filed complaints against property room staff. ECF No. 25, p. 6. In order to prevail on a claim of retaliation, Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation

insufficient to state claim). Plaintiff's bald claim of retaliation fails.

**Conclusion**

The dispositive motion filed on behalf of Thomas Sires and Eric Schurg will be granted. Plaintiff's complaint against Officer Weisenmiller will be dismissed. A separate Order follow.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

July 7, 2014